IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ANDREW SAMUEL DUNN,

                Petitioner,

     v.

GARY KILMER, Superintendent,
Oregon State Correctional Institution,

                Respondent.

Case No. 3:09-cv-06341-BR

OPINION AND ORDER

**AMY BAGGIO**
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR  97204

      Attorney for Petitioner

**JOHN R. KROGER**
Attorney General
**JACQUELINE SADKER KAMINS**
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

      Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner, an inmate at the Oregon State Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254.  For the reasons that follow, the Court **DENIES** the Petition for Writ of Habeas Corpus.

### BACKGROUND

On July 9, 2001, a Clackamas County grand jury indicted Petitioner on four counts of Sodomy in the First Degree and one count of Coercion.  The charges arose from incidents involving Petitioner and the victim, Petitioner's younger cousin. Petitioner engaged in sodomy with the victim over a period of several years beginning when Petitioner was fifteen and the victim was six, and ending when Petitioner was nineteen and the victim was ten.  Petitioner threatened to hurt the victim if he ever revealed the activity or refused to comply.

The case was tried to a jury.  Petitioner presented a defense of Guilty Except for Insanity.  Petitioner admitted most of the conduct to at least one psychologist, but contended he did not know it was wrong.  The jury convicted Petitioner on all counts. Pursuant to Ballot Measure 11, the trial judge sentenced Petitioner to a 100 month term of imprisonment on each of the four Sodomy counts, to be served concurrently.[1]  The court imposed a 13-

---

[1]Measure 11 (codified at Or. Rev. Stat. § 137.700) was a ballot measure in Oregon which was passed in 1994 and imposed

month consecutive sentence on the charge of Coercion, for a total sentence of 113 months of imprisonment.

Petitioner filed a direct appeal.  The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.  *State v. Dunn*, 201 Or. App. 299, 120 P.3d 29 (2005), *rev. denied*, 340 Or. 34, 129 P.3d 183 (2006).

Petitioner then sought state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief.  On appeal, the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.  *Dunn v. Howton*, 228 Or. App. 367, 208 P.3d 1057, *rev. denied*, 346 Or. 589, 214 P.3d 821 (2009).

On December 8, 2009, Petitioner filed his Petition for Writ of Habeas Corpus in this Court.  Petitioner seeks habeas corpus relief on two grounds:    (1) trial counsel provided constitutionally ineffective assistance of counsel by failing to ensure the criminal trial judge instructed the jury that ten members must agree that a particular, discrete act of misconduct occurred as alleged in the Coercion count; and (2) Oregon's mandatory sentence (Ballot Measure 11) as applied to Petitioner was unconstitutional in that a 113-month term of imprisonment

---

mandatory minimum sentences for certain crimes committed on or after April 1, 1995.

amounted to cruel and unusual punishment under the Eighth Amendment.[2]

Respondent concedes that Petitioner fully exhausted his available state remedies with respect to both claims for relief. Respondent argues Petitioner is not entitled to relief on the merits of his claims, however, because the Oregon state court decisions denying relief on the claims were not contrary to or an unreasonable application of clearly established federal law.

## LEGAL STANDARDS

Under 28 U.S.C. § 2254(d)(1), habeas corpus relief may not be granted on any claim that was adjudicated on the merits in state court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision is not considered "contrary to" established Supreme Court precedent unless it "applies a rule that contradicts the governing law set forth in [Supreme Court cases]" or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at

---

[2]Petitioner alleged additional claims in his Petition for Writ of Habeas Corpus, but withdrew those claims in his Brief in Support of Petition.

a result different from [Supreme Court] precedent." *Lockyer v.*
*Andrade*, 538 U.S. 63, 73 (2003).

An "unreasonable application" of clearly established Supreme
Court law occurs when "the state court identifies the correct
governing legal principle ... but unreasonably applies that
principle to the facts of the ... case." *Lambert v. Blodgett*, 393
F.3d 943, 974 (9th Cir. 2004) (citing *Williams v. Taylor*, 529 U.S.
362, 413 (2000)).  "'Clearly established Federal law' is the
governing legal principle or principles set forth by the Supreme
Court at the time the state court renders its decision." *Lambert*,
393 F.3d at 974.

A federal habeas court cannot overturn a state decision
"simply because that court concludes in its independent judgment
that the relevant state-court decision applied clearly established
federal law erroneously or incorrectly." *Williams*, 529 U.S. at
409.  Instead, habeas relief may be granted only "in cases where
there is no possibility fairminded jurists could disagree that the
state court's decision conflicts with [the Supreme Court's]
precedents." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

The last reasoned decision by the state court is the basis
for review by the federal court. *See Ylst v. Nunnemaker*, 501 U.S.
797, 803-04 (1991); *Van Lynn v. Farman*, 347 F.3d 735, 738 (9th
Cir. 2003).  When a state court does not supply the reasoning for

its decision, a federal court does an independent review of the
record to determine whether the state court decision was
objectively unreasonable. *Delgado v. Lewis*, 223 F.3d 976, 982
(9th Cir. 2000).

## DISCUSSION

### I.   Ineffective Assistance of Counsel

Petitioner contends his trial attorney failed to provide
effective assistance of counsel as guaranteed by the Sixth
Amendment.  According to Petitioner, trial counsel focused on a
defense of guilty-except-for-insanity as to the Sodomy charges,
but failed to obtain a proper jury instruction as to the Coercion
count.  Specifically, trial counsel failed to ensure that the
trial court instructed the jury that ten members must agree that
a particular discrete act of misconduct occurred as alleged in the
Coercion charge.  As a result of trial counsel's failure,
Petitioner concludes, the jury was not sufficiently instructed so
as to ensure the jurors agreed on the essential elements and facts
underlying the Coercion charge.

To prevail on a claim of ineffective assistance of counsel,
a habeas petitioner must demonstrate "that counsel's performance
was deficient" and "that the deficient performance prejudiced the
defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).
"The standards created by Strickland and § 2254(d) are both

'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S.Ct. at 790 (citations omitted).

To prove a deficient performance of counsel, a petitioner must demonstrate that trial counsel "made errors that a reasonably competent attorney as a diligent and conscientious advocate would not have made." *Butcher v. Marquez*, 758 F.2d 373, 376 (9th Cir. 1985). The test is whether the assistance was reasonably effective under the circumstances, and judicial scrutiny must be highly deferential, with the court indulging a presumption that the attorney's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

To establish the second prong of the *Strickland* test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In determining whether a defendant was prejudiced by ineffective assistance of counsel, the court should examine whether the "'result of the proceeding was fundamentally unfair or unreliable.'" *United States v. Palomba*, 31 F.3d 1456, 1460-61 (9th Cir. 1994) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993)).

In the state PCR proceeding, Petitioner argued counsel should have objected to the lack of a "*Boots* instruction" as to the

Coercion charge.  Under *State v. Boots*, 308 Or. 371, 780 P.2d 725 (1989), the ten jurors needed to convict on the Coercion charge must agree as to the factual basis of the offense.  The PCR trial judge considered and rejected this claim:

FINDINGS OF FACT

* * *

3.    There was no basis for trial counsel to object to the jury instructions, where the jury instructions provided by the trial judge provided that ten or more jurors must agree on a verdict, and the instructions included particular, discrete acts which the jury had to find in order to convict petitioner.

* * *

CONCLUSIONS OF LAW

1.    Based on the findings of fact set forth above, in the underlying criminal proceedings resulting in petitioner's convictions, petitioner was not denied the right to assistance of counsel, as guaranteed by either the United States Constitution, and as articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), or the Constitution of the State of Oregon.

Resp. Exh. 122, pp. 2-3.

The state PCR court's decision that, under Oregon law, there was no basis for the trial attorney to object to the jury instructions is not subject to review by a federal court.  *See Mendez v. Small*, 298 F.3d 1158 (9th Cir. 2002) (state courts have "the last word on the interpretation of state law").  Federal courts have long recognized that "'state courts are the untimate

expositors of state law,' and [federal courts] are bound by the [state court's] construction except when it appears that its interpretation is an obvious subterfuge to evade the consideration of a federal issue." *Peltier v. Wright*, 15 F.3d 860, 862 (9th Cir. 1994) (citations omitted).

The state PCR court's determination that the instructions given by the trial judge were adequate under state law is dispositive of Petitioner's claim that his attorney was ineffective for failing to object to the instructions. Accordingly, the PCR court's decision denying relief on Petitioner's ineffective assistance of trial counsel claim was not contrary to or an unreasonable application of *Strickland*, and this Court must afford deference to that decision.

## II. Unconstitutional Sentence

Under Oregon's mandatory minimum sentencing law in effect at the time of Petitioner's trial and sentencing, the trial judge had no choice but to impose a mandatory minimum sentence of 100 months of imprisonment for the Sodomy convictions. Petitioner contends that the application of this mandatory minimum sentence, on the facts of this case, violates the Eighth Amendment's prohibition against cruel and unusual punishment.

In his direct appeal, Petitioner asserted the sentence imposed under Measure 11 violated his constitutional right to be free from cruel and unusual punishment. Because the Oregon Court

of Appeals and Oregon Supreme Court did not issue a written
opinion in denying relief on this claim, this Court must undertake
an independent review of the record to ascertain whether their
decisions were objectively reasonable.

No clearly established federal law as determined by the U.S.
Supreme Court would indicate that application of Measure 11
mandatory minimum sentences to Petitioner violated his right to be
free from cruel and unusual punishment.    To the contrary, the
Supreme Court has consistently upheld mandatory minimum sentences
in noncapital cases.    *See Harmelin v. Michigan*, 501 U.S. 957, 995
(1991) ("[t]here can be no serious contention, then, that a
sentence which is not otherwise cruel and unusual becomes so
simply because it is 'mandatory'"); *Ewing v. California*, 538 U.S.
11, 29-30 (2003) (upholding California's "three-strikes rule");
*see also Alvarado v. Hill*, 252 F.3d 1066 (9th Cir. 2001)
(upholding application of Measure 11 mandatory minimum sentence to
a juvenile).

Thus, the Oregon courts' denial of Petitioner's claim that
his Measure 11 sentence violated his right to be free from cruel
and unusual punishment was not contrary to or an unreasonable
application of clearly established federal law.    Accordingly,
Petitioner is not entitled to relief on this claim.

**CONCLUSION**

For these reasons, the Court **DENIES** the Petition for Writ of Habeas Corpus and **DISMISSES** this action.

The Court **DENIES** a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this _1st_ day of ~~July~~ August 2011.

_____
ANNA J. BROWN
United States District Judge

F:\Share\Brown-LawClerks\09-6341dunn0728opin.wpd